UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> COREY HUFF, <br><br> Defendant. | CASE NO. CR23-5359 BHS <br><br> ORDER |

This matter is before the Court on Defendant Huff's motion to withdraw his guilty plea. Dkt. 28. The Court has considered the original briefing, as well as the supplemental briefing addressing what impact the Ninth Circuit's decision to vacate and rehear *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024), en banc has on the pending motion for reconsideration.

Huff argues that the Court can still grant his motion to withdraw his guilty plea despite the Ninth Circuit's decision to vacate *Duarte*. Dkts. 39, 42. He asserts that under the Supreme Court's ruling in *United States v. Rahimi*, 602, U.S., ___,144 S. Ct. 1889 (2024), the Court can conclude that 18 U.S.C. §922(g)(1) is unconstitutional as applied to him. Dkt. 36 at 3–4; Dkt. 42 at 2. Regarding the Ninth Circuit's future decision in

ORDER - 1

*Duarte*, he asserts that he "would anticipate that on rehearing en banc, for reasons set forth by the Supreme Court in Rahimi, the en banc court would likely uphold the panel decision in Duarte. If it so does, Mr. Huff would be entitled to dismissal." Dkt. 39 at 4. Huff acknowledges however that predicting the timing of the Ninth Circuit's decision in *Duarte* is challenging. He concedes that "[e]ven assuming that oral argument is not further rescheduled, it is difficult to predict how long the en banc court would take to issue an opinion. It is also difficult to predict whether either party would seek review by the Supreme Court of that decision." *Id*.

It is unclear whether Huff seeks to stay his sentencing further. He does not explicitly request a stay, but he implies that he wishes to stay sentencing "at least until the en banc court issues an opinion in Duarte[.]" Dkt. 36 at 4–5. Huff asserts that his "medical needs are not being met adequately at the Federal Detention Center at SeaTac" and declares that if "he is required to wait in custody there for sentencing at least until the en banc court issues an opinion in *Duarte*" he "would seek release on an appearance bond[.]" *Id*.

The Government argues that since the Ninth Circuit vacated *Duarte*, "*Vongxay* binds this Court" and requires dismissal of Huff's motion to withdraw his guilty plea. Dkt. 39 at 10. It argues that "*Rahimi* does not call § 922(g)(1) into question," and asserts that even under Rahimi's framework, § 922(g)(1) is constitutional as applied to Huff. *Id*. at 8–9.

The Court concludes that that because the Ninth Circuit vacated *Duarte*, it is once again bound by *Vongxay* and it therefore **DENIES** Huff's motion to withdraw his guilty

ORDER - 2

plea. The Court will not join in either parties' pontification about whether Ninth Circuit will determine that *Rahimi* impacts the applicability of § 922(g)(1) to defendants with Huff's criminal record. *Vongxay* unequivocally provides that § 922(g)(1) is constitutional, and it is once again good law in the Ninth Circuit.

The Court agrees with the parties that it is likely impracticable to stay sentencing indefinitely until the Ninth Circuit and potentially the Supreme Court finish resolving *Duarte*. The parties are directed to come to the September 9, 2024, sentencing hearing prepared to discuss if a stay is warranted in Huff's case. The parties should be ready to proceed with sentencing at the hearing in the event that the Court decides against a stay at that time.

## I.  ORDER

Therefore, it is hereby **ORDERED** that Defendant Huff's motion to withdraw his guilty plea, Dkt. 28, is **DENIED**.

Dated this 29th day of August, 2024.

BENJAMIN H. SETTLE
United States District Judge